CASTILLO ET AL., PLAINTIFFS AND APPELLANTS, *v.* YAGER ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for Damages.

No. 2399.—Decided December 5, 1921.

DAMAGES—PLEADING.—In order to recover damages it is necessary to set forth in the complaint what damages were suffered by the plaintiff.

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellants.

*The Attorney General* and *Messrs. J. A. Loret* and *Miguel A. Muñoz* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages. The complaint contains the following averments:

1. That Rafael Castillo Lozano and Francisco Alvarado Lugo are, respectively, the president and secretary of the political party known as the Popular Party, which is recognized and lawfully registered in the office of the Executive Secretary of Porto Rico, the plaintiffs as such officers having capacity to sue and to be sued.

2. That Arthur L. Yager is the Civil Governor of Porto Rico, George R. Shanton is the Colonel of the Insular Police of the Island and Miguel Hurtado is a District Chief of the Insular Police of the first class in charge of the Ponce district.

3. That the Popular Party, of which the plaintiffs are, as alleged, the president and secretary, is taking an active part in the present political campaign for the election to be held in this Island on November 2, 1920, and its purpose is to elect its candidates to the following municipal and insular offices as specified in its application for registration: Members of the Municipal Assembly of Ponce and members of the House of Delegates.

4. That in addition to the Popular Party in this city of Ponce there are now taking active part in politics with the same object as the said party the Union Party of Porto Rico, the Republican Party and the Socialist Party, all of which are recognized and as a means of propaganda celebrate meetings, parades and other similar acts.

5. That the Union Party of Porto Rico, when celebrating a meeting or parade uses, to distinguish them from those of the other parties, a flag called the Independence flag with the following colors: Red and white bars and a blue triangle at the hoist with a five pointed star in its center. The Republican Party uses a tricolor flag of blue, white and red. The Socialist Party has been using a red flag. The Popular

Party uses one which is described as follows: One-half a tricolor of red, white and blue and the other half red. It is also a custom of the three parties, when there is a meeting or a parade, to decorate the platform from which the speakers address the public, the neighboring houses and the streets with pennants of different colors, flags, etc.

6. That on the night of this day the Popular Party intended to hold a meeting of political propaganda, for which purpose the place where the said meeting was to be held, Victoria Street of this City of Ponce, had been decorated with white, blue and red pennants hanging at a certain height over the street, and the platform and neighboring balconies of the said street with American flags and flags of the Popular Party, half red and half tricolored.

7. That in the morning of this day several members of the Insular Police force of Ponce, following the instructions of defendant Miguel Hurtado, Insular Police District Chief of Ponce, wilfully and without any lawful authority went to the place where the said meeting was to be held in Ponce and then and there publicly and violently tore down the red pennants, the red bunting that decorated the platform, and also the red bunting that decorated some of the neighboring balconies, producing thereby great commotion in the vicinity and thus disturbing the plaintiffs in the management of the political campaign in favor of the Popular Party to such an extent that citizens with a right to vote refrained from attending public assemblies; and the plaintiffs consider that these acts constitute a systematic persecution, for the red portions of the symbols of the other parties are not torn down.

8. That according to the information of the plaintiffs the said acts of the members of the Insular Police of Ponce are the result of an order given by Arthur L. Yager, Governor of Porto Rico, to Colonel George R. Shanton of the Insular Police of this Island, who in turn transmitted the order to

the force under his command, a member of which is the other co-defendant, Miguel Hurtado, and the said order is unlawful.

9. That as a result of the conduct of the defendants, acting in the manner stated with regard to the proposed meeting of the Popular Party, the opinion has been created that it is a separatist, revolutionary and disorderly party and the acts so performed have done great injury to the said political organization, while in the meantime all of the other parties, particularly the Union Party of Porto Rico and the Republican Party, use red in their insignia without any interference on the part of the defendants at any place on the Island, and the plaintiffs consider that by reason of the aforesaid acts they have suffered damages in the sum of $50,000.

For all of the foregoing they pray the court, in due course and after due process of law, to enter judgment sustaining this complaint and adjudging the defendants to pay to the plaintiffs as damages the sum of $50,000, with costs, expenses, disbursements and attorney fees.

The defendants appeared separately. The first, the Governor of Porto Rico, only pleaded lack of jurisdiction in the court, and the others filed demurrers. The court ruled against the plaintiffs on all of the questions raised and, concluding that the complaint was not susceptible of amendment, dismissed it and entered final judgment to that effect, from which the plaintiffs took the present appeal.

All points of the case were argued orally and by brief by the parties, but for the purpose of the affirmance of the judgment appealed from we think it sufficient to say that we wholly agree with the district court that the allegations of the complaint do not show a cause of action in favor of the plaintiffs. Although they set up their character as president and secretary of the Popular Party, the fact is that they appeared personally and claimed for themselves the $50,000 to which the prayer of the complaint refers. And

we can not see what personal damages the plaintiffs suffered by reason of the acts done by the defendants.

The appeal taken also from the order of October 27, 1920, refusing to issue a preliminary writ of injunction was expressly abandoned by the appellants and consequently must be dismissed.

The judgment appealed from is

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.